█ In the Matter of the Trust Created by the Will of MILDRED SCHUYLER, Deceased. SARA BETH SCHUYLER DILWORTH, Also Known as SARA BETH DILWORTH, Respondent-Appellant; ANN BAIRD SCHUYLER et al., Appellants-Respondents. [20 NYS3d 472]—

Egan Jr., J. Appeals (1) from an order of the Surrogate's

Court of Schoharie County (Wilhelm, S.), entered February 27, 2014, which, among other things, granted petitioner's application, in a proceeding pursuant to SCPA 1502, to issue letters of successor cotrusteeship for the trust created under the will of Mildred Schuyler, and (2) from an order and that part of a decree of said court, entered June 5, 2014 and June 23, 2014, which denied petitioner's application for an award of counsel fees.

These appeals concern the testamentary trust created by the will of Mildred Schuyler (hereinafter decedent), which was executed in 1963. At the time of her death in 1977, decedent was survived by her husband, Philip Schuyler, and their three children—petitioner, Philip Schuyler Jr. and respondent Ann Baird Schuyler.[1] Decedent's last will and testament divided the residue and remainder of her estate into three equal parts; insofar as is relevant here, the one-third interest bequeathed to Ann Baird Schuyler was placed in a trust (hereinafter the subject trust) for her benefit during the course of her lifetime. Decedent's will further provided that, in the event that Ann Baird Schuyler died without leaving surviving issue, the principal of the subject trust (together with any accumulated income) was to be paid over to decedent's surviving children per stirpes. Decedent's husband and the predecessor-in-interest to KeyBank N.A. were named as the executors of decedent's estate and as the trustees of the various testamentary trusts. In the event that decedent's husband either predeceased her or otherwise could not serve in his appointed capacities, decedent appointed Schuyler Jr. "in his place and stead as [e]xecutor and [t]rustee with the same powers, discretion and duties conferred upon [her] husband." The parties do not dispute that, following decedent's death, her husband renounced his right to appointment and Schuyler Jr. stepped in as a successor trustee; Schuyler Jr. and KeyBank thereafter served as cotrustees of the subject trust until Schuyler Jr. died in May 2012.

At the time of his death, Schuyler Jr. was survived by his three children—respondents Deborah Ann Trafton and Peter Andrew Schuyler and their sister, Karen Lee Filteau—each of whom are contingent remainder beneficiaries of the subject trust with a one-sixth interest therein. Petitioner, a contingent remainder beneficiary with a one-half interest in the subject trust, subsequently commenced this proceeding pursuant to SCPA 1502 seeking to have letters of successor cotrusteeship

---

1. Decedent's spouse, Philip Schuyler, died in 1988, and a virtually identical testamentary trust created under his will is the subject of related appeals (*Matter of Schuyler*, 133 AD3d 1160 [2015] [decided herewith]).

issued to her son, James Schuyler Dilworth. Ann Baird Schuyler, Peter Andrew Schuyler and Trafton (hereinafter collectively referred to as respondents) opposed the requested relief.[2] Following a conference with counsel and review of the parties' respective submissions, Surrogate's Court dismissed respondents' objections and, by order entered February 27, 2014, directed, among other things, that letters of successor cotrusteeship be issued to Dilworth. In so doing, Surrogate's Court concluded that it was decedent's "intent[ion] for a family member and a corporate entity or the successor of each to serve as co-trustees for the duration of [the subject] trust." Thereafter, petitioner moved for an award of counsel fees and, by order entered June 5, 2014 and decree entered June 23, 2014, Surrogate's Court, among other things, denied petitioner's request. Respondents now appeal from Surrogate's Court February 2014 order directing the issuance of letters of successor cotrusteeship to petitioner's son, and petitioner appeals from the June 2014 order and so much of the June 2014 decree as denied her application for counsel fees.

Turning first to respondents' appeal, decedent's will—insofar as is relevant to the issues raised upon appeal—differs from her husband's will only to the extent that decedent made a singular provision for the appointment of an alternate executor/trustee in the event that her husband was unable or unwilling to serve in that capacity.[3] Otherwise, the relevant testamentary language, as well as the arguments raised and the statutory and case law applicable thereto, mirror the very issues raised by petitioner relative to the testamentary trust created under her father's will. Accordingly, inasmuch as petitioner's arguments here are indistinguishable from those raised on her related appeals, we conclude—for all of the reasons set forth and discussed at length in *Matter of Schuyler* (133 AD3d 1160 [2015] [decided herewith])—that Surrogate's Court erred in granting petitioner's application for letters of successor cotrusteeship. We reach a similar conclusion regarding petitioner's appeal from the June 2014 order and so much of the June 2014 decree as denied her application for counsel fees. Simply put, resolution of petitioner's application and the arguments raised relative thereto also is governed by our related decision (*id.*). The parties' remaining contentions, to

2. Filteau waived citation and asked that the petition be granted.

3. The will executed by decedent's husband, which appointed Schuyler Jr. and KeyBank as coexecutors of his estate and cotrustees of the subject trust, made no mention of and no provisions for the appointment of an alternate executor/trustee in the event that either of the named fiduciaries was unable or unwilling to serve in the designated capacities.

the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., Lynch and Devine, JJ., concur. Ordered that the order entered February 27, 2014 and the decree entered June 23, 2014 are modified, on the law, without costs, by reversing so much thereof as granted petitioner's application seeking the issuance of letters of successor cotrusteeship for the trust created under the will of Mildred Schuyler and directed that said letters be issued to James Schuyler Dilworth; petitioner's application dismissed; and, as so modified, affirmed. Ordered that the order entered June 5, 2014 is affirmed, without costs.